IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLINTON BRIAN WILSON, | ) | No. C 09-0143 MMC (PR) |
| Petitioner, | ) ) | **ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION OR REQUEST FOR STAY; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | ) ) | |
| JAMES E. TILTON, Secretary of Department of Corrections, | ) ) ) | |
| Respondent. | ) ) | |
| _____ | ) | **(Docket Nos. 2, 3, 5, 7, 8)** |

On January 13, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed in forma pauperis ("IFP") and also moves for the appointment of counsel to represent him in this action.

**BACKGROUND**

In 2005, in the Superior Court of San Mateo County, a jury found petitioner guilty of robbery, burglary and receiving stolen property. He was sentenced to a term of fifteen years and eight months in state prison. The California Court of Appeal affirmed the conviction and the California Supreme Court denied review. Petitioner did not seek state habeas corpus relief.

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

Petitioner raises the following claims for relief, both of which he asserts were presented to the California Supreme Court: (1) the trial court erred in admitting opinion testimony concerning petitioner's behavior, and (2) the trial court erroneously denied petitioner's Wheeler/Batson motion, which claimed the prosecutor did not have race-neutral reasons for removing potential jurors. Additionally, petitioner raises a claim of ineffective assistance of trial counsel, which claim he states has not been presented to any state court.

C.   Exhaustion of State Remedies

The petition must be dismissed as it contains both exhausted and unexhausted claims. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c), Rose v. Lundy, 455 U.S. 509, 515-16 (1982). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. See Rhines v. Webber, 544 U.S. 269, 273 (2005).

Before dismissing a "mixed" petition, i.e., a petition that contains both exhausted and unexhausted claims, the court must inform the habeas petitioner of the deficiency and

2

provide him an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to suffering dismissal.  See Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277).  Alternatively, the court may stay the mixed federal petition while the petitioner returns to state court to exhaust his unexhausted claims.  See Rhines, 544 U.S. at 277.  Accordingly, petitioner will be given the choice of amending his petition and proceeding only on the basis of his exhausted claims, or requesting a stay of the petition while he exhausts his unexhausted claims in state court.  If petitioner fails to make that choice, the petition will be dismissed without prejudice.

D.  Pending Motions

Petitioner moves for the appointment of counsel to represent him in this action.  The Sixth Amendment's right to counsel does not apply in habeas actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986).  Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  See 18 U.S.C. § 3006A(a)(2)(B).

Here, petitioner's claims have been adequately presented in the petition.  Further, whether the petition will go forward, be stayed or be dismissed is still unknown.  Consequently, the interests of justice do not require appointment of counsel in the instant case at this time.  Accordingly, the request for appointment of counsel will be denied.

In light of petitioner's lack of funds, petitioner's application to proceed IFP will be granted.

**CONCLUSION**

For the reasons stated above, the Court hereby orders as follows:

1. Petitioner's application to proceed IFP is hereby GRANTED.

2. Petitioner's motion for appointment of counsel is hereby DENIED.

3. Within **30 days** of the date this order is filed, petitioner shall either: (1) file an amended petition that includes only his exhausted claims, and that strikes his unexhausted claim, or (2) file a request for a stay of this matter while he exhausts his unexhausted claim.

If petitioner chooses to file an amended petition, he must include the caption and civil case number used in this order, No. C-09-0143 MMC (PR), as well as the words FIRST AMENDED PETITION on the first page; petitioner shall not incorporate material from the original petition by reference. Petitioner is informed that if he elects to file an amended petition, as opposed to requesting a stay, this matter will proceed only on the basis of his exhausted claims, and his unexhausted claim will not be considered.

<u>If petitioner fails to file either an amended petition or a request for a stay as ordered herein, the petition will be dismissed without prejudice to petitioner's later filing a new petition that contains only exhausted claims.</u>

The Clerk of the Court shall send petitioner the court's form habeas corpus petition and a return envelope.

This order terminates Docket Nos. 2, 3, 5, 7 and 8.

IT IS SO ORDERED.

DATED: July 10, 2009

_____
MAXINE M. CHESNEY
United States District Judge

4