IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BRIAN WILSON,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES E. TILTON, Secretary of<br>Department of Corrections,<br><br>    Respondent.<br>_____ | No. C 09-0143 MMC (PR)<br><br>**ORDER STRIKING UNEXHAUSTED CLAIM; GRANTING REQUEST TO STAY PETITION; DIRECTIONS TO CLERK**<br><br>**(Docket No. 15)** |

    On January 13, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition contains three claims, two of which petitioner asserts were presented to the California Supreme Court; the third claim, alleging ineffective assistance of counsel, has not, according to petitioner, been presented to any state court.

    By order filed July 10, 2009, the Court determined the petition was subject to dismissal as a mixed petition, i.e., a petition containing both exhausted and unexhausted claims. Consequently, the Court informed petitioner of the deficiency and provided him an opportunity to amend the mixed petition by striking the unexhausted claim and proceeding with only his exhausted clams, or, alternatively, requesting a stay of the petition for the purpose of exhausting his unexhausted claim in state court. In response, petitioner has filed a request to amend his petition to delete his unexhausted ineffective assistance of counsel claim and for the Court, thereafter, to stay the then fully-exhausted petition during such time as petitioner exhausts the unexhausted claim in state court.

A district court may stay a mixed habeas petition to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. See Rhines v. Webber, 544 U.S. 269, 277-78 (2005). In Rhines, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. If the stay is granted, the petitioner's newly-exhausted claims will be not barred by the statute of limitations, because those claims remain pending in federal court. King v. Ryan, 564 F.3d 1133, 1139, 1140. (9th Cir. 2009).

By contrast, where a petitioner deletes his unexhausted claims and seeks a stay of a fully-exhausted petition while he returns to state court to exhaust the unexhausted claims, no showing of good cause is required to stay the petition. Id. Once the claims are exhausted, however, the petitioner must amend his petition to add the newly-exhausted claims; importantly, such amendment must take place within the one-year statute of limitation set forth at 28 U.S.C. § 2244(d)(1), or the newly-exhausted claims will be dismissed as untimely. Id. at 1140-41.

Here, petitioner does not argue he is entitle to stay his mixed petition based on a showing of good cause. Rather, he seeks to delete his unexhausted claim, file a fully-exhausted petition, and then have the Court stay the fully-exhausted petition while he returns to state court. In light of petitioner's express request to delete his unexhausted claim and stay the fully-exhausted petition, the Court, in the interest of expediency, will not require petitioner to file an amended petition containing only exhausted claims together with a renewed request for a stay. Instead, the Court will strike petitioner's ineffective assistance of counsel claim from the petition, and the motion to stay the fully-exhausted petition will be granted.

Nothing further will take place in this action until petitioner exhausts the unexhausted claim and, within thirty days of doing so, moves to reopen this action, lift the Court's stay,

2

and amend his petition to add the newly-exhausted claim.

For the foregoing reasons, petitioner's unexhausted ineffective assistance of counsel claim is hereby STRICKEN, and the above-titled action is hereby STAYED until petitioner files a motion to reopen as described above.

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

This order terminates Docket No. 15.

IT IS SO ORDERED.

DATED: October 2, 2009

MAXINE M. CHESNEY
United States District Judge