United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BRIAN WILSON, | No. C 09-0143 MMC (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS CLAIM 3 AS UNTIMELY; DIRECTING RESPONDENT TO FILE ANSWER ADDRESSING REMAINING CLAIMS; DIRECTIONS TO CLERK** |
| v. | |
| P.D. BRAZELTON, | |
| Respondent. | **(Docket No. 36)** |

On January 13, 2009, petitioner, a California prisoner incarcerated at Pleasant Valley State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thereafter, the Court stayed the petition and administratively closed the case while petitioner returned to state court to exhaust state remedies. On May 20, 2011, the Court granted petitioner's request to reopen the case and file an amended petition. Petitioner filed a first amended petition ("FAP") on June 14, 2011. Now pending before the Court is respondent's motion to dismiss Claim 3 of the FAP as untimely.[1] Petitioner has filed an opposition to the motion.

---

[1] Petitioner initially named James E. Tilton, former Secretary of the California Department of Corrections and Rehabiliation, as the respondent in this action. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, P.D. Brazelton, the current warden of Pleasant Valley State Prison, where petitioner is incarcerated, is hereby SUBSTITUTED as respondent.

## BACKGROUND

In 2005, in the Superior Court of San Mateo County, a jury found petitioner guilty of robbery, burglary, and receiving stolen property. He was sentenced to a term of fifteen years and eight months in state prison. The California Court of Appeal thereafter affirmed the judgment of the trial court, and the California Supreme Court denied review.

On January 13, 2009, petitioner filed his initial petition in the instant action. The petition contained three claims. The first two claims ("Claim 1" and "Claim 2"), both of which had been presented to the California Supreme Court, alleged: (1) the trial court erred in admitting opinion testimony concerning petitioner's behavior; and (2) the trial court erroneously denied petitioner's Wheeler/Batson motion, which claimed the prosecutor did not have race-neutral reasons for removing potential jurors. The third claim, alleging ineffective assistance of trial counsel based on said counsel's failure to call defense witnesses ("Claim 3"), had not been presented to any state court.

On July 10, 2009, the Court determined the petition was subject to dismissal as a mixed petition, i.e., a petition containing both exhausted and unexhausted claims. In response, petitioner filed a request to amend his petition to delete his unexhausted claim and for an order staying the resulting fully exhausted petition, for the purpose of allowing petitioner to return to state court to exhaust state remedies. The Court granted the request, striking petitioner's claim alleging ineffective assistance of counsel and staying the resulting fully exhausted petition. Thereafter, by order filed October 22, 2010, the Court granted petitioner's request to reopen the action, on the ground his claims were now exhausted, and directed petitioner to file an amended petition within thirty days.

On December 17, 2010, the Court dismissed the action without prejudice, based on petitioner's failure to file an amended petition or otherwise communicate with the Court within thirty days of the Court's October 22, 2010 order. Thereafter, on February 4, 2011, petitioner filed a motion to set aside the dismissal, which motion was granted on May 20, 2011. On June 14, 2011, petitioner filed his FAP, in which he included the two initially exhausted claims as well as the newly exhausted claim alleging ineffective assistance of

counsel.

## DISCUSSION

Respondent argues Claim 3 of the FAP must be dismissed as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

Here, the state courts' direct review of petitioner's conviction and sentence ended on December 19, 2007, the date on which the Supreme Court of California denied the petition for direct review. (Mot. to Dismiss ("MTD"), Ex. 2.) The "time for seeking" direct review under 28 U.S.C. § 2244(d)(1)(A), however, includes the ninety-day period within which a petitioner may file in the United States Supreme Court a petition for a writ of certiorari under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). As a result, petitioner's "time for seeking" direct review expired, and the one-year limitations period for filing a federal habeas petition began, on March 18, 2008, ninety days after December 19, 2007. One year later, on March 18, 2009, the limitations period expired.

In an effort to exhaust Claim 3, petitioner filed a habeas petition in the San Mateo County Superior Court on August 6, 2009. That petition was denied on the merits. (MTD,

---

[2] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 2244(d)(1)(B)-(D).

3

Ex. 3.)[3] Petitioner, however, began his attempt at exhausting Claim 3 at the state level nearly five months after the limitations period under AEDPA had expired.

Under such circumstances, petitioner's Claim 3 is untimely, unless petitioner can show he is entitled to equitable tolling sufficient to render said claim timely, or, alternatively, that said claim relates back to the timely claims filed in his original federal petition.[4]

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Amendments made to a habeas petition after AEDPA's one-year limitations period has run relate back to the date of the original petition "when the claim asserted in the amended petition 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading'." Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting Fed. R. Civ. P. 15(c)(2)). Here, petitioner makes neither showing. Accordingly, the Court will grant respondent's motion to dismiss Claim 3 as untimely, and will direct respondent to answer Claims 1 and 2 as alleged in the FAP.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Respondent's motion to dismiss Claim 3 of the FAP as untimely is hereby GRANTED.

2. Respondent shall file with the Court and serve on petitioner, within **sixty (60)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

---

[3] Petitioner also filed habeas petitions in the California Court of Appeal on August 10, 2009 and in the California Supreme Court on October 22, 2009. (MTD, Exs. 3-4.) Both petitions were denied as untimely. (MTD, Exs. 4-5.)

[4] Additionally, the Ninth Circuit has adopted an "actual innocence" exception to AEDPA's one-year statute of limitations. See Lee v. Lampert, 653 F. 3d 929, 936-37 (2011). To fall within this exception, the petitioner must show "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" Lee, 653 F.3d at 938 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). The exception is applicable only in the "extraordinary case," see id., and petitioner fails to make the requisite showing.

granted based on Claims 1 and 2 of the FAP. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by such claims.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

3. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

4. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

6. The Clerk is DIRECTED to substitute Warden P.D. Brazelton on the docket as the respondent in this action.

This order terminates Docket No. 36.

IT IS SO ORDERED.

DATED: July 5, 2012

_____
MAXINE M. CHESNEY
United States District Judge